```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION

Timothy Doyle Young,            :

          Plaintiff,            :   Case No. 17-cv-194

    v.                          :   JUDGE MICHAEL H. WATSON

U.S. Attorney (S.D. OH.),       :   Magistrate Judge Kemp
et al.,
                                :
          Defendants.
```

### REPORT AND RECOMMENDATION

Timothy Doyle Young, a federal inmate in Colorado, filed this civil rights action against the United States Attorney for this District and against Karen L. Haas, the clerk of the United States House of Representatives. His complaint is brief: he alleges that the United States Attorney for the Southern District of Ohio violated his rights by not responding to a court order issued in Case No. 2:13-cv-981, and that Ms. Haas violated his rights by not accepting a certified letter he sent her. That letter, a copy of which is part of exhibits filed by Mr. Young on March 27, 2017 (Doc. 5, page 82) asks the House to begin impeachment proceedings against Judge Neil Gorsuch, who was at that time a judge on the Court of Appeals for the Tenth Circuit (Judge Gorsuch is now, of course, Justice Gorsuch). Mr. Young alleges that failure of both officials to respond has placed his life in danger, either by "adding to the underlying case in #13-cv-681" or by "Obstructing Justice which includes life-saving treatment for Hepatitis-C...." He has moved for leave to proceed *in forma pauperis*.

This is not the first case which Mr. Young has filed here even though he is incarcerated in Colorado. The Court transferred the earlier case to which the complaint refers to the District of Colorado. However, it also dismissed a second case

filed here in 2013 on grounds that Mr. Young had accumulated three "strikes" by having cases dismissed as malicious or frivolous or for failure to state a claim, making him ineligible to proceed in forma pauperis under 28 U.S.C. 1915(g). See Young v. United States, Case No. 2:13-cv-833 (S.D. Ohio June 4, 2014).

Perhaps because he is a "three strikes" inmate, Mr. Young has included the statements in his current complaint about his life being in danger. Such an inmate may be relieved of the requirement to pay the full filing fee if he can show that he is facing "imminent danger of serious physical injury." 28 U.S.C. §1915(g). Simply repeating those words in a complaint is not enough to satisfy the statute, however.

First, the law is clear that the alleged danger which might justify allowing the prisoner to proceed despite his three prior "strikes" must be related to claims in the complaint; that is, "the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint." Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). Second, the threat of serious physical injury "must be real and proximate." Rittner v. Kinder, 290 Fed.Appx. 796, 797 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations ... that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." Tucker v. Pentrich, 483 Fed.Appx. 28, 30 (6th Cir. May 15, 2012), citing Rittner, supra.

Here, the complaint contains no facts from which it could be plausibly inferred that either the failure of the United States to respond to an order issued in Case No. 2:13-cv-681 or the failure of the Clerk of the House of Representatives to accept Mr. Young's certified letter endangered his health in any way. Neither is there any indication that he is, in fact, in imminent danger of harm. His allegations are simply insufficient to allow

the Court to excuse him from the requirement that he pay the full filing fee for this case.  Consequently, it is recommended that the pending motions for leave to proceed *in forma pauperis* (Docs. 4 and 6) be denied and that Mr. Young be assessed the $400.00 filing fee, to be paid within thirty days.  If that recommendation is accepted, he should also be advised that if he does not pay the fee, the action will be dismissed and will not be reinstated even upon subsequent payment of the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/Terence P. Kemp
United States Magistrate Judge