# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Timothy Doyle Young,**

    **Plaintiff,**

    **v.**

**Karen L. Haas,** *et al.,*

    **Defendants.**

2017 JUL 17 PM 4: 52

**Case No. 2:17-cv-194**

**Judge Michael H. Watson**

**Magistrate Judge Kemp**

## OPINION AND ORDER

On May 16, 2017, Magistrate Judge Kemp issued a Report and Recommendation ("R&R") recommending the Court deny Plaintiff's motions to proceed in forma pauperis, ECF Nos. 4, 6, in this prisoner civil rights case. R&R, ECF No. 8.

The R&R notes the following. Plaintiff is an inmate housed in Colorado. Plaintiff sues both Karen Haas, the Clerk of the United States House of Representatives and the United States Attorney for the Southern District of Ohio. Plaintiff alleges that Ms. Haas violated his rights by not accepting a letter he sent her asking the House to begin impeachment proceedings against Judge Neil Gorsuch[1] and that the U.S. Attorney violated his rights by not responding to a court order issued in a different case. The Complaint further alleges that these

---

[1] At the pertinent time, Judge Gorsuch—now Justice Gorsuch—sat on the Court of Appeals for the Tenth Circuit.

civil rights violations placed Plaintiff's life in danger. Plaintiff moved for leave to proceed in forma pauperis.

With respect to the pending motions, the R&R explains that this Court has dismissed a previous suit filed by Plaintiff pursuant to the "three strikes" rule. The R&R concludes that, although 28 U.S.C. § 1915(g) permits a prisoner with three strikes to nonetheless bring a subsequent suit in forma pauperis if the prisoner is under imminent danger of serious physical injury, the mere recitation of that phrase in Plaintiff's Complaint is insufficient to warrant in forma pauperis status in this case. R&R 2–3, ECF No. 8.

Plaintiff objected to the R&R in one sentence: "the Magistrate's Report simply states that the allegations are 'insufficient' which requires amend-ment not dismissal." Obj., ECF No. 11.

Plaintiff's objection is meritless. The R&R is not recommending dismissal of Plaintiff's Complaint. Rather, the R&R recommends denying Plaintiff's motions for leave to proceed in forma pauperis. The objections are therefore **OVERRULED**.

However, the Court declines to adopt the R&R. The Court conducted a de novo review of the case pursuant to 28 U.S.C. § 636(b), which review revealed that Plaintiff filed an Amended Complaint as an attachment to his second motion for leave to proceed in forma pauperis. Am. Compl., ECF No. 6-1. The Magistrate Judge screened the original Complaint, ECF No. 1, rather than the

Amended Complaint, ECF NO. 6-1, which did not get detached and filed as a separate docket entry.  *See* R&R, ECF No. 8 (analyzing the original Complaint).

Upon review of the Amended Complaint, the Court determines that this case should be transferred to the District of Colorado.  Plaintiff is an inmate at USP Florence Admax in Florence, Colorado.  The only claim in Plaintiff's Amended Complaint that even potentially pleads imminent danger of serious physical injury arises from injuries that allegedly occurred during his imprisonment in Colorado.  Venue in this Court is therefore not proper.  *See* 28 U.S.C. § 1391 (venue is proper in the judicial district where any defendants reside or in which the claims arose).  Accordingly, because the only claim that could potentially warrant IFP status arose from incidents occurring at ADMAX, this action is **TRANSFERRED** pursuant to 28 U.S.C. § 1406 to the United States District Court for the District of Colorado.

IT IS SO ORDERED.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**